IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIDNEY FOSTER, #C50335, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00032-JPG |
| | ) |
| WARDEN ZACHARY ROECKMAN, | ) |
| ASST. WARDEN CREGG, | ) |
| and LT. BROWDARD, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate who is currently incarcerated at Big Muddy River Correctional Center ("BMR"), brings this action for constitutional deprivations pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that BMR officials, at Defendant Browdard's behest, refused to move Plaintiff to a different cell after he was repeatedly choked by his cellmate. The cellmate also stole several of Plaintiff's personal possessions. Plaintiff now sues three BMR officials, including Defendants Browdard (lieutenant), Cregg (assistant warden), and Roeckman (warden), for failing to protect him from his violent cellmate. Plaintiff seeks monetary damages (Doc. 1, p. 6).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

During two weeks in January 2013, Plaintiff's cellmate repeatedly choked him (Doc. 1, pp. 2, 5). The cellmate also stole Plaintiff's property, including an extension cord, adapter, and several cassette tapes (Doc. 1, pp. 4, 13). At the time, Plaintiff was recovering from surgery and was particularly vulnerable (Doc. 1, p. 5).

Plaintiff reported the incidents to several BMR officials (Doc. 1, p. 2). He explained that he feared for his life. He requested placement in a different cell. BMR officials denied his requests. According to the complaint, "Lt. Browdard told all [of] the officers not to move

[Plaintiff] no matter what shift, and no matter how many times [Plaintiff] tried to get out [of] that cell" (Doc. 1, p. 2).

On one occasion, Plaintiff sought help from an older lieutenant (Doc. 1, p. 2). Plaintiff explained that he refused to return to his cell because his cellmate was trying to kill him. Plaintiff stated that he feared for his life. When the older lieutenant accompanied Plaintiff to his cell, Defendant Browdard became upset. Plaintiff was placed in segregation for two weeks. Upon his release, Plaintiff was again placed in the cell with his perpetrator (Doc. 1, p. 2).

Plaintiff now sues Defendants Browdard, Cregg, and Roeckman for failure to protect him from the violent cellmate. He seeks $5,000,000.00 in monetary damages.

**Discussion**

After carefully considering the allegations in the complaint, the Court finds that it states a colorable claim under the Eighth Amendment (**Count 1**) against Defendant Browdard for failing to protect Plaintiff. It is well-settled that the treatment a prisoner receives in prison is subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Farmer*, 511 U.S. at 832 (citing *Hudson v. McMillan*, 503 U.S. 1 (1992)). The Eighth Amendment also imposes a duty on prison officials to "take reasonable measures to guarantee the safety of inmates." *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To state a claim for failure to protect, a plaintiff needs to allege that (1) the prison's denial of his request for protection posed a substantial risk of serious harm and (2) the prison acted with deliberate indifference to that risk.

*Farmer*, 511 U.S. at 834; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). The complaint satisfies this standard with respect to Defendant Browdard.

However, the complaint fails to state a failure to protect claim against Defendants Cregg and Roeckman. Beyond naming both defendants in the case caption, the complaint includes no allegations against them. The complaint does not allege, for example, the either defendant was aware of a substantial risk of serious harm to Plaintiff and also disregarded the risk. Merely naming a defendant in the caption is insufficient to state a claim against a defendant. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Plaintiff shall be allowed to proceed with Count 1 against Defendant Browdard, but not Defendants Cregg and Roeckman.

The complaint fails to articulate a colorable property claim (**Count 2**). To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*. If the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Accordingly, Plaintiff cannot maintain a civil rights claim in this Court for the deprivation of his personal property, and Count 2 shall be dismissed with prejudice.

**Pending Motions**

Plaintiff filed a motion for service of process at government expense (Doc. 3), which shall be **GRANTED in part** as to Defendant Browdard and **DENIED in part** as to Defendants Cregg and Roeckman.

Plaintiff also filed a motion for recruitment of counsel (Doc. 4), which shall be referred to a United States Magistrate Judge.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED with prejudice** from this action for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Defendants **CREGG** and **ROECKMAN** are **DISMISSED without prejudice**.

**IT IS ALSO ORDERED** that with regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **BROWDARD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the

Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's motion to recruit counsel (Doc. 4).

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: February 3, 2014**

                                        *s/ J. Phil Gilbert*
                                        United States District Judge